UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and | ) |
| MONSANTO TECHNOLOGY, LLC, | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION NO. |
| DENNIS GERMANN, | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, Monsanto Company, and Monsanto Technology, LLC (sometimes referred to collectively as "Monsanto"), for their Complaint against Dennis Germann (sometimes referred to as "Defendant") make the following allegations:

**THE PLAINTIFFS**

**Monsanto Company**

1.  Monsanto Company is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. It is authorized to do and is doing business in Missouri and this judicial district.

2.  Monsanto Company is in the business of developing, manufacturing, licensing, and selling agricultural biotechnology, agricultural chemicals, and agricultural products. After the investment of substantial time, expense, and expertise, Monsanto Company developed a plant biotechnology that involves the transfer of a gene into crop seed that causes the plant to be resistant to glyphosate-based herbicides such as Roundup Ultra®, Roundup UltraMAX®, Roundup WeatherMAX®, and Touchdown®.

3.  This biotechnology has been utilized by Monsanto Company in soybeans. The

5032836.2

genetically improved soybeans are marketed by Monsanto Company as Roundup Ready® soybeans.

4.     Monsanto's Roundup Ready® biotechnology is protected under United States Patent Numbers 5,352,605 and RE 39,247 E, which are attached hereto as Exhibits "A" and "B". The 5,352,605 and RE 39,247 E patents (commonly referred to as the '605 and '247 patents, respectively) were issued prior to the events giving rise to this action.

5.     Monsanto Company is and has been the exclusive licensee of the '605 and '247 patents from Monsanto Technology, LLC.

## Monsanto Technology LLC

6.     Monsanto Technology, LLC is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.

7.     Monsanto Technology, LLC is and has been the owner of the '605 and '247 patents prior to the events giving rise to this action.

## THE DEFENDANT

8.     Defendant Dennis Germann is an individual who resides in Carroll County, Missouri at 23918 CR 221, Carrollton, Missouri 64633.

9.     Defendant is engaged in a farming business that involves the planting of crops, including soybeans. The Defendant farms land in Carroll County, Missouri.

## JURISDICTION AND VENUE

10.    This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq., including 35 U.S.C. § 271. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, in that one or more of Monsanto's claims arise under the laws of the United States, as well as 28 U.S.C. §1338, granting district courts original jurisdiction over any civil action regarding patents. Additionally, this Court has

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all of Monsanto's non-federal question claims, such that they form part of the same case or controversy.

11.     This Court has personal jurisdiction over Defendant and venue is proper in this judicial district because the parties in this action agreed to personal jurisdiction in this judicial district and have designated this Honorable Court as the exclusive forum and venue for all disputes arising under the licensing agreement executed by Defendant. (A true and accurate copy of the licensing agreement executed by Dennis Germann in 2007 is attached hereto as Exhibit "C")

## GENERAL ALLEGATIONS

12.     Roundup® is a non-selective herbicide manufactured by Monsanto, which causes severe injury or crop destruction to soybean varieties that are not Roundup Ready®. Soybeans display a unique and identifiable symptomatology after having been sprayed with Roundup® or other herbicide containing glyphosate, unless said soybeans are Roundup Ready® soybeans.

13.     Monsanto's Roundup Ready® technology is protected under the '605 patent and the '247 patent. These patents were issued and assigned to Monsanto prior to the events giving rise to this action.

14.     Monsanto licenses the use of Roundup Ready® seed technology to farmers at the retail marketing level.

15.     Authorized purchasers of Roundup Ready® seed are required to pay an established royalty (once referred to as a "technology fee") for each commercial unit of seed in addition to the price of the base germplasm.

16.     Monsanto places the required statutory notice that its Roundup Ready® technology is patented on the labeling of all bags containing Roundup Ready® seed. In particular, each bag of Roundup Ready® seed is marked with notice of at least U.S. Patent No. 5,352,605.

17.　Defendant executed a 2007 licensing agreement. *See* Exhibit C.

18.　Under the terms of the licensing agreements through which Monsanto's patented Roundup Ready® crop seed technology is authorized, a purchaser is only authorized to use seed containing the technology from an authorized dealer for planting a commercial crop in a single growing season, and is prohibited from saving any of the crop produced from the purchased seed for planting or selling saved seed from the crop produced from the purchased seed, or otherwise supplying or transferring any seed produced from the purchased seed to anyone for planting. The only permissible use of the patent protected seed allowed by the licensing agreement is to market the crop derived therefrom as a commodity.

19.　In 2009 (and in prior years), the Defendant knowingly, intentionally, and willfully planted and used saved Roundup Ready® seed (produced from Roundup Ready® soybean seed planted in 2008, or earlier) without authorization from Monsanto, in violation of Monsanto's patent rights.

20.　Defendant applied an "over the top" glyphospate-based herbicide to the fields he planted with saved soybean seed. These fields experienced no soybean crop injury.

21.　Defendant has begun to harvest the soybean plants that survived the 2009 growing season.

## COUNT I
## PATENT INFRINGEMENT-Patent No. 5,352,605

22.　Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

23.　On October 4, 1994, the '605 Patent was duly and legally issued to Monsanto for an invention in Chimeric Genes for Transforming Plant Cells Using Viral Promoters.

24.　Monsanto is the owner by assignment of all rights, title and interest in and to the '605 Patent.

25. Monsanto placed the required statutory notice that its Roundup Ready® technology was protected by U.S. Patent No. 5,352,605 on the labeling of all bags containing Roundup Ready® soybean seed sold to growers during the 2008 growing season.

26. Defendant has infringed the '605 Patent by making, using, offering for sale or selling Roundup Ready® soybean seed embodying the patented invention without authorization from Monsanto, and will continue to do so unless enjoined by this court.

27. Defendant's infringing activities were taken with full knowledge and with notice that the Defendant was in violation of Monsanto's patent rights.

28. Defendant's actions have damaged Monsanto and will continue to injure Monsanto, unless and until such infringement is enjoined by this Court.

29. Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

30. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to the infringer.  Further, on information and belief, damages should be trebled pursuant to 35 U.S.C. § 284 in light of the Defendant's knowing, willful, conscious, and deliberate infringement of the patent rights at issue.

31. The infringing activity of the Defendant brings this cause within the ambit of the exceptional case contemplated by 35 U.S.C. § 285, and thus Monsanto requests the award of reasonable attorneys fees and costs.

## COUNT II
### PATENT INFRINGEMENT-Patent No. RE 39,247 E

32. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

33. On August 22, 2006, United States Patent Number 5,633,435 was duly and legally reissued to Monsanto as U.S. Patent No. RE 39,247 E.  U.S. Patent No. 5,633,435 was initially issued on May 27, 1997.  The '247 patent is for an invention of Glyphosate-Tolerant 5-Enolpyruvylshikimate-3-Phospate Synthases.  This invention is in the fields of genetic engineering and plant biology.

34. Monsanto is the owner by assignment of all rights, title and interest in and to the '247 Patent.

35. Defendant has infringed Monsanto's patent rights by making, using, offering for sale or selling Roundup Ready® soybean seed embodying or using the patented invention without authorization from Monsanto, and will continue to do so unless enjoined by this court.

36. Defendant has infringed Monsanto's patent rights by infringing claim 130 of the '247 patent through selectively controlling weeds in a field having been planted with crop seeds or plants which are glyphosate tolerant and applying to the crop and weeds a sufficient amount of glyphosate herbicide to control the weeds without significantly affecting the crop.

37. Defendant's infringing activities were taken with full knowledge and with notice that the Defendant was in violation of Monsanto's patent rights.

38. Defendant's actions have damaged Monsanto and will continue to injure Monsanto, unless and until such infringement is enjoined by this Court.

39. Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

40. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to the infringer.  Further, on information and belief,

damages should be trebled pursuant to 35 U.S.C. § 284 in light of the Defendant's knowing, willful, conscious, and deliberate infringement of the patent rights at issue.

41. The infringing activity of the Defendant brings this cause within the ambit of the exceptional case contemplated by 35 U.S.C. § 285, thus Monsanto requests the award of reasonable attorneys fees and costs.

## COUNT III - BREACH OF CONTRACT

42. Each and every material allegation set out in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

43. The conduct of the Defendant, as set forth above, is a breach of his 2007 licensing agreement, which, among other provisions, prohibits the saving, planting and/or transfer or sale of saved Roundup Ready® soybean seed or use of any portion of seed grown from newly purchased Roundup Ready® soybean seed for anything other than marketing the crop derived therefrom into a terminal market as a commodity.

44. As a direct and proximate result of this breach, Monsanto has been damaged and is entitled to damages for breach of the licensing agreement, as well as reasonable attorneys' fees under the licensing agreement.

## COUNT IV - CONVERSION

45. Each and every material allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

46. By making, using, offering to sell or selling Roundup Ready® soybean seed without authority, the Defendant intentionally and wrongfully exercised dominion, ownership and control over Roundup Ready® technology which was the property of Monsanto under the terms of the '605 and '247 Patents and which is only legitimately available to third parties through a license agreement with Monsanto.

47. Defendant's conversion of Monsanto's property rights was malicious and willful.

48. As a result, Monsanto is entitled, at a minimum, to damages equal to the value of the Roundup Ready® seed at the time of the conversion; which is an amount equal to the applicable technology fee and the purchase price which the Defendant would otherwise have been required to pay.

49. As Defendant's conversion of Monsanto's property rights was malicious and willful, Monsanto is entitled to punitive damages.

### COUNT V - UNJUST ENRICHMENT

50. Each and every material allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

51. Defendant's conduct has resulted in a benefit being conferred upon the Defendant and the Defendant's appreciation of the benefit in that the Defendant illegally made, used, sold and/or offered to sell, or otherwise used transferred unlicensed Roundup Ready® soybean seed, in at least 2009, in contravention of Monsanto's patent rights and in violation of the license agreement system.

52. As a result, the Defendant has been unjustly enriched and obtained profits that in equity and good conscience belong to Monsanto.

53. Defendant's acceptance and retention of this benefit under the circumstances renders the Defendant's retention of these benefits inequitable.

54. As a result, Monsanto is entitled to damages in an amount equal to the applicable technology fee and seed purchase price which the Defendant would otherwise have been required to pay.

**PRAYER FOR RELIEF**

WHEREFORE, Monsanto prays that process and due form of law issue to the Defendant requiring him to appear and answer the allegations of this complaint, and that after due proceedings are had, there be judgment in favor of Plaintiffs and against the Defendant, providing the following remedies to Plaintiffs:

A. Entry of judgment that the Defendant is infringing and has infringed the '605 and '247 Patents, and that such infringement has been willful and deliberate;

B. Entry of judgment for damages, together with interest and costs, to compensate Monsanto for the Defendant's patent infringement;

C. Find this case exception under 35 U.S.C. § 285, thereby trebling of damages awarded for the infringement of patents together with reasonable attorney's fees;

D. Entry of judgment for damages, together with interest, Monsanto's attorneys' fees and costs to compensate Monsanto for Defendant's breach of the licensing agreement;

E. Entry of judgment for damages, together with interest and costs, to compensate Monsanto for the Defendant's conversion of Plaintiffs' property rights;

F. Entry of a punitive damages award against the Defendant for his willful and malicious conversion of Monsanto's property;

G. Entry of judgment for damages, together with interest and costs to compensate Monsanto for Defendant's unjust enrichment and the profits obtained that in equity and good conscience belong to Monsanto;

H. Entry of a permanent injunction against the Defendant to prevent him from making, using, saving, cleaning, planting, selling, offering to sell or otherwise transferring, any of Monsanto's proprietary seed technologies, without express written permission from Monsanto;

I. Entry of judgment for costs, expenses, and reasonable attorney's fees incurred by Monsanto; and

J. Such other relief as the Court may deem appropriate.

**Respectfully submitted,**

THOMPSON COBURN LLP


By /s/ Daniel C. Cox
    Raymond L. Massey, Mo. E.D. Bar # 3764
    Daniel C. Cox, Mo. E.D. Bar # 57781
    Jeffrey A. Masson, Mo. E.D. Bar # 5239927
    One US Bank Plaza
    St. Louis, Missouri  63101
    314-552-6000
    FAX 314-552-7000

*Attorneys for Plaintiffs Monsanto Company and Monsanto Technology, LLC*